UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MARY ETTICE PENN,            )    CASE NO. 1:05 CV 1742
                           )
        Plaintiff,       )    JUDGE CHRISTOPHER A. BOYKO
                           )
    v.                 )
                           )    MEMORANDUM OF OPINION
COSGROVE MENTAL HEALTH,    )    AND ORDER
                           )
        Defendant.      )

On July 8, 2005, plaintiff pro se Mary Ettice Penn filed this in forma pauperis action against "Cosgrove Mental Health."  The complaint alleges plaintiff was prevented by defendant from taking proper care of an insect bite.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S.

_____

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking
(continued...)

319 (1989);

Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of pro se pleadings are not without limits.  Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Beaudette, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  Id.

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have

_____

(...continued)
section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

a valid federal claim.  <u>See</u>, <u>Lillard v. Shelby County Bd. of Educ.</u>, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Accordingly, the request to proceed <u>in forma pauperis</u> is granted and this action is dismissed under section 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

     IT IS SO ORDERED.


\_                            <u>/s/ Christopher A. Boyko</u>
Date: August 26, 2005      CHRISTOPHER A. BOYKO
                                UNITED STATES DISTRICT JUDGE
                                Original signature on file